UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Allegiant Travel Company,<br><br>  Plaintiff,<br><br> v.<br><br>R2 Solutions LLC,<br><br>  Defendant. | Case No. 2:22-cv-00828-CDS-BNW<br><br>**ORDER re ECF Nos. 27, 30, and 32** |

Before the Court are three motions to seal. ECF Nos. 27, 30, and 32.

First is Defendant R2 Solutions LLC's motion seeking to seal portions of its Motion to Dismiss.[1] ECF No. 27. No opposition has been filed. As explained below, the Court will grant this motion.

Next is a motion by Plaintiff Allegiant Travel Company seeking leave to file its Response to Defendant's Motion to Dismiss under seal. ECF No. 30.[2] Plaintiff explains it has reason to believe Defendant would argue it contains confidential information. ECF No. 30. Defendant responded with the reasons why the information in question is confidential and specified the portions they seek to be redacted. ECF No. 34. As explained below, the Court will grant this motion.

Last is Defendant's motion seeking to seal portions of its Reply in support of its Motion to Dismiss.[3] ECF No. 32. While Plaintiff does not need to respond until August 18, 2022, the arguments in this motion are the same than those in connection with the two previous motions (ECF Nos. 27 and 30). For the same reasons that the Court will grant the motions at ECF Nos. 27 and 30, the Court sees fit to grant this motion (ECF No. 32) without the need for a response from Plaintiff.

---

[1] The unredacted version of Defendant's Motion to Dismiss and the unredacted version of Exhibit C is filed at ECF No. 28.
[2] The sealed and unredacted version of Plaintiff's response to Defendant's Motion to Dismiss is filed at ECF No. 29.
[3] The unredacted version of Defendant's Reply in support of its Motion to Dismiss is filed at ECF No. 33.

1

I.  **Analysis**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178–79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Among the compelling reasons which may justify sealing a record are when such court files might become a vehicle for improper purposes such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 655, 678 (9th Cir. 2009) (internal quotation marks and citation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.*

2

"Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

**I.     There are compelling reasons to redact portions of Defendant's Motion to Dismiss and Exhibit C as referenced in the motion to seal at ECF No. 27.**

Defendant seeks to redact several lines on pages 10 through 12 of its Motion to Dismiss as well as the entirety of Exhibit C accompanying that motion. ECF No. 27 at 2.

Because these documents are attached to a dispositive motion, the Court applies the compelling reason standard. *Ctr. for Auto Safety*, 809 F.3d at 1099.

While there is much discussion about the confidentiality agreement governing the materials sought to be sealed, the party who designates a particular document as confidential is still required to meet the legal standards authorizing sealing by making a particularized showing as to why the document(s) or redacted portion thereof should be sealed. Parties "may not simply rely on the Stipulated Protective Order . . . to justify sealing documents filed in the record under seal." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003).

Defendant has made a particularized showing as to the need to redact the information in question. This showing meets the compelling reasons standard. As explained by Defendant, a failure to redact this information would cause it competitive harm. That is because the redacted communications contain negotiations revealing its licensing strategy and include its selection of patents for discussion and claim charting. Courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the compelling reasons standard. *Exeltis USA Inc. v. First Databank, Inc.,* No. 17-CV-04810-HSG, 2020 WL 2838812, * 1 (N.D. Cal. June 1, 2020).

As a result, Defendant's motion at ECF No. 27 is granted.

//

**II.     There are compelling reasons to redact portions of Plaintiff's Response to Defendant's Motion to Dismiss and Exhibit A as referenced in the motion to seal at ECF No. 30.**

The Exhibit and the lines sought to be redacted in the Response to the Motion to Dismiss are detailed at Defendant's reply (ECF No. 34 at 2).

Because these documents are attached to a dispositive motion, the Court applies the compelling reasons standard. *Ctr. for Auto Safety*, 809 F.3d at 1099.

The same rationale that applied to Defendant's motion to seal at ECF No. 27 applies here. As a result, Plaintiff's motion at ECF No. 30 is granted.

**III.    There are compelling reasons to redact portions of Defendant's Reply in connection to its Motion to Dismiss as referenced in the motion to seal at ECF No. 32.**

The lines Defendant seeks to redact in the Reply in support of its Motion to Dismiss are detailed at ECF No. 32 at 2.

Because these documents are attached to a dispositive motion, the Court applies the compelling reasons standard. *Ctr. for Auto Safety*, 809 F.3d at 1099.

The same rationale that applied to Defendant's motion to seal at ECF No. 27 and Plaintiff's motion to seal at ECF No. 30 applies here. As a result, Defendant's motion at ECF No. 32 is granted.

**IV.     Conclusion and Order**

**IT IS THERERFORE ORDERED** that Defendant's Motion to Seal at ECF No. 27 is **GRANTED**. The Clerk of Court is kindly directed to maintain under seal the motion and exhibits at ECF No. 28.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal at ECF No. 30 is **GRANTED**. The Clerk of Court is kindly directed to maintain under seal the exhibits at ECF No. 29.

**IT IS FURTHER ORDERED** that Plaintiff must file an unsealed response to Defendant's Motion to Dismiss that redacts the portions of the response and Exhibit A as outlined at ECF No. 34 at 2. This must be done within 10 days of this Order.

1  **IT IS FURTHER ORDERED** that Defendant's Motion to Seal at ECF No. 32 is
2  **GRANTED**. The Clerk of Court is kindly directed to maintain under seal the motion at ECF No.
3  33.

5  DATED: August 11, 2022.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE