# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Allegiant Travel Company, | Case No. 2:22-cv-00828-CDS-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| R2 Solutions LLC, | |
| Defendant. | |

Before the Court is Plaintiff's motion to seal its response to Defendant's motion to stay discovery.[1] ECF No. 47. Defendant responded at ECF No. 49.

Plaintiff explains that while it does not believe there is a need to seal the response, it believes Defendant will argue otherwise. Indeed, Defendant maintains that the information in question is subject to a confidentiality agreement and that disclosure of this information would cause it competitive harm.

**I.   Analysis**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79. The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well, if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

---

[1] The unredacted and sealed version of Plaintiff's response to Defendant's motion to stay discovery is at ECF No. 46. Defendant filed a redacted version of the document at ECF No. 49-1.

1  Among the compelling reasons which may justify sealing a record are when such court
2  files might have become a vehicle for improper purposes, such as the use of records to gratify
3  private spite, promote public scandal, circulate libelous statements, or release trade secrets.
4  *Kamakana*, 447 F.3d at 1179 (quotation omitted). However, avoiding a litigant's embarrassment,
5  incrimination, or exposure to further litigation will not, without more, compel the court to seal its
6  records. *Id.*

7  "[A] different standard applies to 'private materials unearthed during discovery,' as such
8  documents are not part of the judicial record." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447
9  F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person
10  from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant
11  standard for purposes of Rule 26(c) is whether good cause exists to protect the information from
12  being disclosed to the public by balancing the needs for discovery against the need for
13  confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in
14  nondispositive materials," the court applies the good cause standard in evaluating whether to seal
15  documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated,
16  or only tangentially related, to the underlying cause of action,' and, as a result, the public's
17  interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive
18  materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to
19  seal documents. *Id.* at 679.

20  Here, although the response in question is related to a non-dispositive motion, it discusses
21  many of the same issues discussed in the Defendant's motion to dismiss. In that sense, the
22  document in question is more than tangentially related to the underlying cause of action. As a
23  result, the Court applies the compelling reason standard. *Ctr. for Auto Safety*, 809 F.3d at 1099.

24  While there is much discussion about the confidentiality agreement governing the
25  materials sought to be sealed, the party who designates a particular document as confidential is
26  still required to meet the legal standard authorizing sealing by making a particularized showing
27  why the document(s) or redacted portion thereof should be sealed. Parties "may not simply rely
28

on the Stipulated Protective Order . . . to justify sealing documents filed in the record under seal." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003).

As explained in previous orders, Defendant made a particularized showing regarding the need to seal the information in question. This showing meets the compelling reasons standard. As explained by Defendant, a failure to seal this information would cause it competitive harm. The information in question contains Defendant's licensing strategy and includes its selection of patents for discussion and claim charting. Courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the compelling reasons standard. *See, e.g., Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, * 1 (N.D. Cal. June 1, 2020). As a result, Plaintiff's motion at ECF No. 47 will be granted.

**I.   CONCLUSION**

**IT IS THERERFORE ORDERED** that Plaintiff's Motion to Seal at ECF No. 47 is **GRANTED**. The Clerk of Court is directed to maintain ECF No. 46 under seal.

**IT IS FURTHER ORDERED** that Defendant shall file the document at ECF No. 49-1 on the docket as a stand-alone document and link it to its Motion to Stay Discovery within 10 days of this Order.

DATED: October 6, 2022

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE