**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| Allegiant Travel Company, | Case No. 2:22-cv-00828-CDS-BNW |
| Plaintiffs, | **ORDER** |
| v. | |
| R2 Solutions LLC, | |
| Defendant. | |

Before the Court is Defendant's motion to stay discovery. ECF No. 44. Plaintiffs responded (ECF No. 49-1), and Defendant replied (ECF No. 48). The Court held a hearing on October 6, 2022. ECF No. 50.

**I.    Background**

Plaintiff is seeking a declaratory judgment of non-infringement of seven patents owned by Defendant.

Defendant moves to stay discovery pending the resolution of its motion to dismiss by relying on the "preliminary peek test" and the undue burden discovery would create. Defendant argues that the motion to dismiss is dispositive, that it can be decided without additional discovery, and that arguments from it motion to dismiss support its belief that the case will not move forward. Specifically, its argues that the Court does not have subject matter or personal jurisdiction over this case and that it should decline to exercise jurisdiction under the Declaratory Judgment Act. Defendant relies on several District of Nevada cases for the proposition that, in cases where the court's jurisdiction is challenged, the court need not be "convinced" that its motion to dismiss will be granted to stay discovery.

Defendant also argues that having to comply with the Local Patent Rules is wasteful and runs contrary to its position that there is no justiciable dispute. That is because the Rules would require it to "accuse Allegiant of infringement," and thereby "create a dispute where none exists." ECF No. 44 at 1.

1    Plaintiff opposes the request. ECF No. 24. While Plaintiff agrees that Defendant's motion to dismiss may be dispositive and that no discovery is needed to decide it, it argues Defendant's motion has no merit. In addition, although Plaintiff argues Defendant waived any other good cause it may have for the stay by not briefing it in its motion, Plaintiff takes the position no such good cause exists.

Defendant's reply focuses primarily on the existence of good cause to stay discovery.

## II.    Legal Standard

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995).

A court may, however, stay discovery under Federal Rule of Civil Procedure 26(c). Fed. R. Civ. P. 26(c)(1); *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019) (affirming stay of discovery under Rule 26(c)). The standard for staying discovery under Rule 26(c) is good cause. Fed. R. Civ. P. 26(c)(1) (the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery or specifying when it will occur).

The Ninth Circuit has not provided a rule or test that district courts must apply to determine if good cause exists to stay discovery. *Salazar v. Honest Tea, Inc.*, No. 213CV02318KJMEFB, 2015 WL 6537813, at *1 (E.D. Cal. Oct. 28, 2015) ("The Ninth Circuit has not provided guidance on evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, other than affirming that district courts may grant such a motion for good cause."); *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) ("The Ninth Circuit Court of Appeals has not announced a clear standard against which to evaluate a request or motion to stay discovery in the face of a pending, potentially dispositive motion.").

The Ninth Circuit has, however, identified one scenario in which a district court may stay discovery and one scenario in which a district court may *not* stay discovery. The Ninth Circuit has held that a district court *may* stay discovery when it is convinced that the plaintiff will be unable

to state a claim upon which relief can be granted. *See Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) ("A district court may limit discovery 'for good cause', Rule 26(c)(4), Federal Rules of Civil Procedure, and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief."); *B.R.S. Land Invs. v. United States*, 596 F.2d 353, 356 (9th Cir. 1979) ("A district court may properly exercise its discretion to deny discovery where, as here, it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted.").[1] The Ninth Circuit has also held that a district court may *not* stay discovery when discovery is needed to litigate the dispositive motion. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (district court would have abused its discretion in staying discovery if the discovery was necessary to decide the dispositive motion); *Kamm v. Cal. City Dev. Co.,* 509 F.2d 205, 210 (9th Cir. 1975) (same).

Based on this Ninth Circuit law, district courts in the District of Nevada typically apply a three-part test to determine when discovery may be stayed.[2] *See, e.g.*, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013). This Court will refer to this test as the "preliminary peek test." The preliminary peek test asks whether (1) the pending motion is potentially dispositive, (2) the potentially dispositive motion can be decided without additional discovery, and (3) after the court takes a "preliminary peek" at the merits of the potentially dispositive motion, it is "convinced" that the plaintiff cannot state a claim for relief. *Id.* at 581. If all three questions are answered affirmatively, the Court may stay discovery. *Id.* The point of the preliminary peek test is to "evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). Rule 1 provides that the Federal Rules of Civil Procedure should be construed "to secure the just, speedy, and inexpensive determination of every" case. Fed. R. Civ. P. 1.

---

[1] The Court interprets both these Ninth Circuit cases as providing one scenario in which it is appropriate to stay discovery but not the only scenario. *See also Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (affirming stay of discovery without discussing whether court was convinced plaintiff could not state a claim before entering stay); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (same); *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019) (same).

[2] The Court notes that these District of Nevada cases are persuasive authority, and the Court is not bound by them.

This Court, however, has found the preliminary peek test to be problematic because it is often inaccurate and inefficient.

First, applying the preliminary peek test does not always lead to "accurate results" in which the cases that will ultimately be dismissed are stayed and vice versa. This is so for two primary reasons. In the District of Nevada, a magistrate judge applies the preliminary peek test and decides whether discovery should be stayed; however, a district judge decides the dispositive motion. These judges sometimes have different views on the merits of the dispositive motion, leading to discovery being stayed in some cases it should not have been stayed in and vice versa. *See also* Kevin J. Lynch, *When Staying Discovery Stays Justice: Analyzing Motions to Stay Discovery When A Motion to Dismiss Is Pending*, 47 Wake Forest L. Rev. 71, 97 (2012) (identifying same issue). Additionally, the test requires the magistrate judge to take a "preliminary peek" (i.e., a superficial look) at the dispositive motion and be *convinced* that the plaintiff cannot state a claim for relief before staying discovery. *Kor Media*, 294 F.R.D. at 583-84 (discovery stay inappropriate when there is only "a possibility" defendant will succeed on its dispositive motion; "[g]enerally, there must be *no question* in the court's mind that the dispositive motion will prevail . . . ."). When the preliminary peek test is applied as written, it leads to discovery being stayed in only the simplest, legally baseless cases. For most cases, and certainly complex cases, it is impossible for the Court to do a "preliminary peek" and be *convinced* that the plaintiff cannot state a claim. This is problematic because complex cases, in which discovery will be extremely costly, are the types of cases where discovery stays may be particularly appropriate while a dispositive motion is pending (to accomplish the goals of Rule 1). Nevertheless, the preliminary peek test, applied as written, leads to most motions to stay discovery being denied. Accordingly, the preliminary peek test is not well-suited for sorting which cases will be dismissed (and thus should have discovery stayed) from those cases that will proceed (and thus should *not* have discovery stayed).

*Second*, the preliminary peek test is inefficient. As just explained, if the preliminary peek test is applied as written (i.e., the Court must be *convinced* after a superficial look at the dispositive motion that the plaintiff cannot state a claim), it often fails to accurately sort those

cases that will be dismissed (and should have discovery stayed) from those cases that will proceed (and should not have discovery stayed). To improve the accuracy of the preliminary peek test (and allow discovery stays in cases in which this Court believes the dispositive motion will be granted), this Court has in the past engaged in a full analysis of the dispositive motion. This takes considerable time and delays providing the parties with a decision on the motion to stay discovery.[3] It is also an inefficient use of judicial resources because both the magistrate judge and the district judge fully analyze the same dispositive motion. And, even after all this effort, the magistrate judge and district judge may still have different views on the merits of the dispositive motion. *See also* Kevin J. Lynch, *When Staying Discovery Stays Justice: Analyzing Motions to Stay Discovery When A Motion to Dismiss Is Pending*, 47 Wake Forest L. Rev. 71, 101 (2012) (noting that having two different judges decide the dispositive motion and the motion to stay discovery introduces burden and error into the preliminary peek test). In short, doing a full analysis of the dispositive motion may improve the accuracy of the preliminary peek test but it takes significant time, duplicates effort, delays providing the parties a decision on whether discovery is stayed, and may still lead to discovery being inappropriate stayed or allowed to proceed.

This Court believes a better analytical framework exists for determining when motions to stay should be granted. As the Court previously discussed, the Court may grant motions to stay discovery when a dispositive motion is pending if (1) the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *See Alaska Cargo Transp.*, 5 F.3d at 383 (district court would have abused its discretion in staying discovery if the discovery was necessary to decide the dispositive motion); *Kamm,* 509 F.2d at 210 (same); Fed. R. Civ. P. 26(c)(1) (the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery or specifying when it will occur). "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). As the Court will

---

[3] This delay often also creates a *de facto* stay of discovery, which is problematic in and of itself.

discuss in more detail below, good cause may be established using the preliminary peek test, but it may also be established by other factors, not related to the merits of the dispositive motion.

The Ninth Circuit has held that good cause to stay discovery may exist when the movant can convince the Court that plaintiff cannot state a claim. *See Wood*, 644 F.2d at 801 (district court may stay discovery when it is convinced that plaintiff will be unable to state a claim); *B.R.S. Land Invs.*, 596 F.2d at 356 (same). These cases remain valid authority, and litigants may still move for a discovery stay under the preliminary peek test. However, as previously discussed, this will only result in discovery stays in the simplest, legally baseless cases.

That said, good cause may exist based on other factors unrelated to the merits of the dispositive motion. In many cases, the movant seeks a stay of discovery to prevent "undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). Accordingly, the movant must establish what undue burden or expense will result from discovery proceeding when a dispositive motion is pending. Movants are encouraged to be specific about the realistically anticipated costs of discovery (based on factors such as the complexity of the claim(s) at issue, the number of claims asserted, the number of parties involved in the litigation, the number of witnesses including experts, the volume of documents at issue, etc.). Non-movants opposing a stay of discovery should discuss their position on these same factors. Additionally, though parties opposing a motion to stay discovery carry no burden to show harm or prejudice if discovery is stayed, they are encouraged to discuss any specific reasons why a discovery stay would be harmful (e.g., the case is old and evidence is getting stale, a witness is sick and may die before discovery begins, the public has an interest in the speedy resolution of the issues presented, the claimant's resources and ability to wait for a judgment, etc.). Ultimately, guided by Rule 1 of the Federal Rules of Civil Procedure, the Court is trying to determine "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay*, 278 F.R.D. at 603.

### III. Analysis

The Court will not provide an in-depth analysis of its evaluation of the motion to dismiss in this case.

> The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion. Thus, this court's "preliminary peek" at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery . . . .

*Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597 (D. Nev. 2011).

Here, a "preliminary peek" at Defendant's motion to dismiss does not convince the Court that it lacks subject matter jurisdiction over this case.[4] First, the Court is not convinced that Plaintiff will be unable to meet the standard articulated in *MedImmune, Inc. v. Genentech*, 549 U.S. 118 (2007), given the factors that need to be considered to determine if there is a substantial controversy between the parties. Nor is the Court convinced that exercising jurisdiction pursuant to the Declaratory Judgment Act would be improper here. Lastly, the Court is not convinced it lacks personal jurisdiction (although this largely depends on whether the Court considers the post-agreement communications).

Next, the Court addresses Defendant's argument that, in cases where a party seeks to stay discovery based on an underlying challenge to the Court's jurisdiction, the preliminary peek test does not require that the court be "convinced" the moving party's dispositive motion will be granted. Even applying a more relaxed standard,[5] the Court does not find that the "likelihood of dismissal" in this case is such that it outweighs the considerations embedded in Rule 1, as discussed more fully below. As a result, the application of a more relaxed standard does not make any difference in this case.

---

[4] The Court addresses the "preliminary peek test" given the extent to which the parties relied on it for their respective arguments.

[5] Defendant cites to *St. Clair v. iEnergizer, Inc*., No. 220CV01880GMNVCF, 2021 WL 725158 (D. Nev. Jan. 22, 2021), for the application of this more relaxed standard.

Additionally, the Court finds that Defendant has not otherwise met its burden to show good cause to stay discovery.[6] First, it is not clear to the Court what undue burden Defendant will face, especially considering Plaintiff's (unchallenged) position that claim charts have already been provided to Plaintiff during preliminary discussions between the parties.

Next, the Court disagrees with the notion that engaging in discovery would "create a dispute where none exists." If Defendant truly believed no dispute exists, then it would simply agree to the declaratory relief Plaintiff seeks. Otherwise, Defendant should provide Plaintiff with the needed information so this case can proceed. At bottom, engaging in the discovery process will not *create* a dispute. It will, instead, force Defendant to take a position on the matter. And, in this case, that is more just than waiting while a dispositive motion is pending.

**IV.     Conclusion**

**IT IS THEREFORE ORDERED** that Defendant's motion to stay discovery (ECF No. 44) is DENIED.

DATED: October 13, 2022

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[6] The Court finds that Defendant did not waive arguments regarding good cause to stay discovery, as it sufficiently preserved it in its moving papers. In addition, the Court allowed Plaintiff an opportunity during the hearing to contest the position that Defendant took in its reply brief.